**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br>Lawrence C. Ray, II,<br><br>Debtor | Chapter 13<br>Case No. 16-14382 MSH |

## CONTESTED MATTER PRETRIAL ORDER

**RE: #21 Objection to Confirmation of the Plan filed by Creditor Santander Bank, N.A. formerly known as Sovereign Bank, N.A. formerly known as Sovereign Bank successor by merger to The Compass Bank for Savings**

1. The Court enters this order in an effort to expedite the disposition of this matter, discourage wasteful pretrial activities and improve the quality of the trial through thorough preparation. The parties are strongly urged to consider resolving their dispute by mediation. **All Federal Rules of Bankruptcy Procedure applicable to adversary proceedings shall apply in this contested matter.**

2. The parties are ordered to confer as soon as possible pursuant to Fed. R. Civ. P. 26, made applicable to this proceeding by Fed. R. Bankr. P. 7026, but in no event later than thirty (30) days from the date of this Order.

3. The parties shall file within fourteen (14) days of the Rule 26(f) conference a certification that the Rule 26(f) conference has taken place, as well as a joint discovery report outlining a proposed discovery plan, which plan shall comply with the discovery deadline set forth below and include all topics covered by Rule 26(f). **If the parties' discovery plan is not consistent with the discovery deadline set forth below, they must file a separate discovery plan along with a motion for approval.**

   (A) The joint discovery report shall state that the parties have complied with the automatic

disclosure provisions of Rule 26(a)(1) and (2) or contain an explanation of why the parties have not yet complied as well as a description of what actions the parties are taking to comply with Rule 26(a)(1) and (2).

(B) The joint discovery report shall also contain the estimated length of trial.

(C) The parties are under a duty to preserve evidence, including electronically stored information ("ESI") relevant to the issues raised by the pleadings. **In the event discoverable information is electronically stored, the parties shall agree on an ESI plan at the initial conference, and shall include their ESI plan in the joint discovery report.**

4. Discovery shall be completed by **June 15, 2017** **unless the Court, upon appropriate motion, alters the time and manner of discovery.**

5. The parties are ordered to file by **July 14, 2017** a Joint Pretrial Memorandum signed by all counsel and unrepresented parties, which shall set forth the following:

(A) The name, address and telephone number of each witness, separately identifying those whom each party expects to present and those whom each party may call if the need arises.

(B) A list of witnesses whose testimony is expected to be presented by means of a deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(C) A list of witnesses intended to be called as experts, together with any statement(s) as to an objection to their qualification.

(D) An appropriate identification of each document or other exhibit, other than those to be used for impeachment, in the sequence in which they will be offered, including summaries

of other evidence, separately identifying those exhibits which each party expects to offer and those which each party may offer if the need arises.

- Parties shall bring sufficient copies of all exhibits to Court for trial so that a copy is available for the Judge, the Courtroom Deputy, the Law Clerk, the witness and all counsel. Exhibits shall be assembled in notebooks tabbed with appropriate exhibit numbers and shall be available at the commencement of trial.

- Judge Hoffman's Courtroom is equipped with an electronic evidence presentation system for your ease and convenience in displaying trial exhibits. We invite all attorneys to make use of this equipment. Please contact Regina Brooks for the particulars and a demonstration.
  Regina_Brooks@mab.uscourts.gov or call (617) 748-5337.

(E) A statement confirming that the parties have exchanged copies of the exhibits.

(F) A statement of any objection, together with the grounds therefor, reserved as to the admissibility of a deposition designated by another party and/or to the admissibility of documents or exhibits. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

(G) A statement indicating the parties' position on attempting to resolve their dispute by mediation. In the event the parties agree to mediation, the Court will liberally consider any motion to postpone the trial to accommodate the mediation.

(H) Facts which are admitted and require no proof.

(I) The issues of fact which remain to be litigated (evidence at the evidentiary hearing shall be limited to these issues).

(J) The issues of law to be determined.

(K) A brief statement summarizing the Movant's case.

(L) A brief statement summarizing the Respondent's case.

(M) A statement acknowledging that the Joint Pretrial Memorandum supersedes the pleadings

in the case to the extent of any inconsistencies and governs the course of the trial.

(N) **Any revisions of the estimated length of trial since the filing of the written report required under paragraph 3 above.**

6. Counsel may, but need not, file trial briefs, which shall be filed seven (7) days prior to trial. Counsel may be required to submit proposed findings of fact and conclusions of law at the conclusion of trial.

7. Failure to strictly comply with all of the provisions of this order may result in the automatic entry of a dismissal or a default as the circumstances warrant in accordance with Fed. R. Civ. P. 16, made applicable to this proceeding by Fed. R. Bankr. P. 7016.

8. An evidentiary hearing is scheduled for **July 27, 2017, at 2:00 PM.**

9. In the very rare instance when, despite the parties' conscientious and good faith efforts, the parties cannot agree on a Joint Pretrial Memorandum, then each shall file, by the date for the filing of the Joint Pretrial Memorandum, a separate Pretrial Memorandum that conforms to the requirements set forth in this order which shall include a statement setting forth a compelling reason why a Joint Pretrial Memorandum could not be filed. The parties shall also, nonetheless, file a Joint Pretrial Memorandum including as much of the required information set forth in this Order as possible – even if they cannot agree on all portions and wish to file individual submissions with respect to the disputed portions.

At Boston, Massachusetts this 28th day of April, 2017.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge